

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

NICHOLAS RYAN RYKIEL,

Petitioner,

vs.

MONTANA SILVERBOW
JUDICIAL COURT,

Respondent.

Cause No. CV 19-28-BU-BMM-JCL

FINDINGS AND
RECOMMENDATIONS OF UNITED
STATES MAGISTRATE JUDGE

This case comes before the Court on documents filed by state pro se petitioner Nicholas Ryan Rykiel. Because it was unclear if Rykiel actually intended to file in this Court and because his claims were difficult to follow, Rykiel was directed to file an Amended Petition on the Court's standard form. (Doc. 6.) Rykiel timely complied. See, (Doc. 7.)

On March 26, 2015, following a guilty plea to Sexual Intercourse without Consent, Rykiel was sentenced in Montana's First Judicial District, Butte Silverbow County, to 20 years at the Montana State Prison, with 12 of those years suspended. See, (Doc. 7 at 2, ¶¶ 1-5.) Rykiel did not file a direct appeal, did not seek review of his sentence, did not file a petition for postconviction relief, and did

1

not petition for state habeas review. *Id.* at 2-3. Rykiel seems to indicate that his

appointed counsel left the Office of the State Public Defender shortly after his trial-

level proceedings concluded. See e.g., *Id.* at 3, ¶13; 4, ¶15(A)(5); 5, ¶15(B)(5)-

(C)(5); and, 6, ¶15(D)(5).

## I.     Rykiel's Claims

Although still difficult to follow, Rykiel seems to allege the following: (1)

the author of his presentence investigation report disagreed with the

recommendation made by Dr. Scolatti relative to the level of treatment that should

be required of Rykiel as a condition of his sentence, *id.* at 3, ¶15(A)(1);[1] (2) the 52

sentencing terms and conditions were unlawfully imposed upon Rykiel, a first-time

felony offender, *id.* at 4, ¶15(B)(1); (3) District Court Judge Krueger engaged in

fraud, as evidence by a May 2019 Montana Standard article attached to Rykiel's

petition, *id.* at 5, ¶15(C)(1), see also, (Doc. 7-2 at 3-8); and, (4) Judge Krueger's

purported fraud constitutes new evidence and warrants review of Rykiel's entire

underlying criminal case, including the treatment requirements. *Id.* at 6,

¶15(D)(5).

---

[1] Apparently, in his evaluation, Dr. Scolatti opined that Rykiel could successfully undergo Sexual Offender Programming (SOP) in the community; PSI-writer Tara Billteen recommended to the district court that Rykiel not be parole eligible until he had successfully completed the first phase of SOP at the Montana State Prison. See, (Doc. 7-2 at 19.) The district court followed Billteen's recommendation. *Id.* at 20. Rykiel successfully completed SOP I while he was incarcerated. *Id.* at 10-11.

2

Rykiel asks this Court to overturn his case, or alternatively provide a new trial. *Id.* at 7, ¶18. He also seeks $500,000 dollars in damages for the disregard of Dr. Scolatti's report and for the stress, loss of employment, discrimination, and the damage to his reputation and mental health that has occurred from 2014 to the present. *Id.* at 8.

## II.    Analysis

As a preliminary matter, all of Rykiel's claims are presently unexhausted. As set forth above, Rykiel's own filings indicate that he has failed to present any of his claims to the state courts. A federal habeas court generally will not hear claims that have never been fairly presented in state court. See, *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). Also, because Rykiel's first two claims challenge conditions imposed upon him in 2015, those claims are untimely. A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. §2254. See, 28 U.S.C. §2244.

Additionally, to the extent that Rykiel seeks damages, 28 U.S.C. §2254 is not the proper vehicle for Rykiel to attempt to make a monetary recovery. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petitioner's claim for money damages regarding an alleged constitutional violation falls outside the

scope of federal habeas review but may be brought as a civil rights complaint under 42 U.S.C. §1983. See, *Muhammad v. Close*, 540 U.S. 749, 750 (2004)(per curiam); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Heck v. Humphrey*, 512 U.S. 477, 485-86 (1994).

But, putting all of these procedural issues aside, Rykiel's claims, as currently plead, simply are not cognizable in federal habeas.

### i.    Claims 1 and 2

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See, *Wilson v. Corcoran,* 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F. 3d 1146, 1149 (9th Cir. 2000).

Although he does not assert on what federal constitutional basis he advances any of his claims, Rykiel's first two claims relate to the conditions imposed by the district court as part of his sentence. But matters relating to state sentencing are governed by state law and generally are not cognizable in federal habeas. See e.g., *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that state court misapplied its own aggravating circumstance statute). Construing Rykiel's claims liberally, he seems to argue the conditions imposed upon him are unlawful.

4

But, such a claim is not cognizable in federal habeas absent a showing of

fundamental unfairness. See, *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994)

("Absent a showing of fundamental unfairness, a state court's misapplication of its

own sentencing laws does not justify federal habeas relief."); see also, *Cacoperdo*

*v. Demosthenes,* 37 F. 3d 504, 507 (9th Cir. 1994) (the form of sentence imposed is

a matter of state criminal procedure and "is not within the purview of federal

habeas corpus"). Thus, to state a cognizable federal habeas claim based upon a

purported state sentencing error, a petitioner must demonstrate the error was "so

arbitrary or capricious as to constitute and independent due process" violation.

*Christian*, 41 F. 3d at 469.

But, Rykiel has made no such showing. He has not alleged that his right to

due process was violated, nor has he demonstrated that the imposition of the

sentencing conditions was fundamentally unfair. Accordingly, Rykiel is not

entitled to federal habeas relief on his first two claims.

## ii.    Claims 3 and 4

In relation to Rykiel's remaining two claims, it is entirely unclear how he

believes the newspaper article supports a finding that Judge Krueger committed

fraud or warrants review of Rykiel's own criminal case. The article discusses a

civil matter currently pending before Judge Krueger in which a woman is suing:

(1) her psychiatrist for the physical injury caused by the medications he prescribed

5

to her, and (2) the state licensing board for allowing the psychiatrist to practice in Montana despite having knowledge of prior lawsuits and claims of malpractice lodged against him.  (Doc. 7-2 at 4-5.)  The article simply relates that Judge Krueger denied the state licensing board's motion to dismiss a portion of the lawsuit and, in so doing, allowed the matter to proceed further.  *Id*. at 5-7.  The article does not contain even the slightest insinuation of fraud or wrong-doing on the part of Judge Krueger.

"[T]he petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 of the Rules Governing §2254 Cases in the United States District Courts, Advisory Committee Notes; see also, *Calderon v. U.S. Dist. Court*, 98 F. 3d 1102, 1109 (9th Cir. 1996) (Schroeder, J., concurring) ("Thus the facts in a habeas petition need not be so detailed as to establish *prima facie* entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed.")  Where the allegations in a petition are vague, conclusory, incredible, patently frivolous, or false, however, courts are authorized so summarily dismiss them.  See e.g., *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  Rykiel's third and fourth claims fall into this broad category of meritless claims.  Even construed liberally, this Court can conceive of no manner in which Rykiel could establish the possibility of constitutional error. Accordingly, these claims should also be dismissed.

6

## III. Certificate of Applicability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability (COA) should be issued as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because the claims as pled are not cognizable in federal habeas. There are no close questions or reasons to encourage further proceedings.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Mr. Rykiel's Amended Petition, (Doc. 6), should be DENIED; his claims are not cognizable in federal habeas.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

7

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Rykiel may object to this Findings and Recommendation within 14

days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

Mr. Rykiel must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of this action without notice to him.

DATED this 24th day of July, 2019.

> */s/ Jeremiah C. Lynch*
> Jeremiah C. Lynch
> United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Rykiel is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

8