IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| NICHOLAS RYAN RYKIEL,<br><br>                Petitioner,<br><br>vs.<br><br>MONTANA SILVERBOW JUDICIAL COURT,<br><br>                Respondent. | **CV 19-28-BU-BMM-KLD**<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Petitioner Nicholas Ryan Rykiel pleaded guilty to Sexual Intercourse without Consent in Montana's First Judicial District, Butte Silverbow County, on March 26, 2015. (Doc. 7 at 2.) The state district court sentenced Mr. Rykiel to 20 years at the Montana State Prison with 12 years suspended. (*Id.*) Mr. Rykiel did not file a direct appeal, seek review of his sentence, petition for postconviction relief, or petition for state habeas review. (*Id.* at 2-3.) Mr. Rykiel did, however, file an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in United States District Court on July 22, 2019. (*Id.* at 1, 7.)

United States Magistrate Judge Jeremiah C. Lynch condensed Mr. Rykiel's habeas argument into four claims and summarized them as: (1) the author of Mr. Rykiel's presentence investigation report improperly disagreed with Dr. Scolatti's

1

recommendations regarding the level of treatment the court should require of Rykiel as a condition of his sentence; (2) the court illegally imposed 52 sentencing terms and conditions upon Rykiel, a first-time felony offender; (3) the state district court judge, Judge Krueger, engaged in fraud, as evidenced by a May 2019 newspaper article attached to Rykiel's petition; and (4) Judge Krueger's purported fraud constitutes new evidence and warrants review of Rykiel's underling criminal case. (Doc. 8 at 2.)

Judge Lynch issued Findings and Recommendations on July 24, 2019. (Doc. 8.) Judge Lynch recommended that this Court deny Mr. Rykiel's Amended Petition for Writ of Habeas Corpus. (*Id.* at 7.) Judge Lynch further recommended that a certificate of appealability be denied. (*Id.*)

As a preliminary matter, Judge Lynch determined that Mr. Rykiel's claims are presently unexhausted because he did not present timely claims to the state courts. (*Id.* at 3.) Judge Lynch further determined that, to the extent Mr. Rykiel seeks damages, federal habeas review under 28 U.S.C. § 2254 is not the proper vehicle for him to attempt monetary recovery. (*Id.* at 3.)

Putting the procedural issues aside, Judge Lunch further concluded that Mr. Rykiel's claims are not cognizable in federal habeas. (*Id.* at 4.) Judge Lynch concluded Mr. Rykiel is not entitled to federal habeas relief on his first and second

claims relating to the state court's sentencing conditions because a federal court may only grant an application for a writ of habeas corpus by a person in custody under a judgment of a state court for violations of the Constitution or laws of the United States, and Mr. Rykiel made no such showing. (*Id.* at 4-5.) Judge Lynch further concluded that Mr. Rykiel's third and fourth claims regarding Judge Krueger's purported fraud as evidenced by a newspaper article lacked merit and suggested the Court dismiss them. (*Id.* at 6.) Mr. Rykiel filed an objection to Judge Lynch's Findings and Recommendations on July 31, 2019. (Doc. 9.)

The Court reviews de novo Findings and Recommendations timely objected to. 28 U.S.C. § 636(b)(1). The Court reviews for clear error the portions of the Findings and Recommendations not specifically objected to. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a reargument of the same arguments set forth in the original response, however, the Court will review the applicable portions of the findings and recommendations for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

//

## I. Rykiel's Objections

Mr. Rykiel's objections are difficult to follow, but he seems to object to Judge Lynch's preliminary conclusions by asserting that he did not appeal to the state court because of "corruption" and his belief that Montana state court judges "will not rule against their own." (Doc. 9 at 1.) Mr. Rykiel asserts his due process rights were violated because his public defender left the Office of the State Public Defender after the trial-level proceedings concluded and, therefore, was not available to assist him in an appeal. (Doc. 9 at 1.) Mr. Rykiel further appears to object to Judge Lynch's Findings and Recommendations on the basis that he did not receive a fair proceeding in state district court because of Dr. Scolatti's report, the presentence investigation report, and the plea deal. (Doc. 9 at 1-2.)

Mr. Rykiel clarifies that he did not intend to allege that Judge Krueger engaged in fraud, but instead that the preparer of the presentence investigation report engaged in fraud, as evidenced by the newspaper article that proves prejudice and bias. (Doc. 9 at 1-2.)

This Court construes most of Mr. Rykiel's arguments in his Objection (Doc. 9) to be the same arguments that he made in his Amended Complaint (Doc. 7.). To the extent Mr. Rykiel now clarifies that he is not alleging Judge Krueger engaged

in fraud, but instead that the preparer of the presentence investigation report engaged in fraud (Doc. 9 at 2), the Court will review that objection de novo.

This Court may only grant an application for a writ of habeas corpus by a person in custody under a judgment of a state court for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). To state a cognizable federal habeas claim based upon a purported state sentencing error, a petitioner must demonstrate the error was fundamentally unfair. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Mr. Rykiel's allegation that the preparer of the presentence investigation report engaged in fraud, as evidenced by a newspaper article, does not convince the Court that the district court's sentence is fundamentally unfair.

Regarding Mr. Rykiel's remaining objections in which he attempts to relitigate the same arguments that he made in his Amended Petition, the Court will review Judge Lynch's Findings and Recommendations for clear error. The Court finds no error.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 8) are **ADOPTED IN FULL**. Petitioner Rykiel's Amended Petition (Doc. 7) is **DENIED**; Mr. Rykiel's claims are not cognizable in federal habeas.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondent and against Petitioner.

A certificate of appealability is **DENIED**.

DATED this 4th day of September, 2019.

Brian Morris
United States District Court Judge